IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JEWELE BRADLEY,**

                **Plaintiff,**

      **v.**                                      **CASE NO. 10-3219-SAC**

**ROGER NORDEEN,**

                **Defendant.**


**O R D E R**

    This matter comes before the court on a complaint under 42 U.S.C. § 1983, filed pro se by a prisoner confined in a Missouri correctional facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis.

    *In forma pauperis - 28 U.S.C. § 1915*

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff

---

[1] See *Bradley v. Nordeen*, Case No. 10-3133-SAC ($350.00 district court fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint - 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this matter, plaintiff seeks damages from two prosecutors involved in the prosecution of plaintiff in Johnson County, Kansas, a case in which plaintiff was acquitted on all Kansas charges. Plaintiff claims defendants denied him his right of confrontation by proceeding to trial without all witnesses being available and testifying at trial.

Notwithstanding plaintiff's acquittal in the Kansas criminal proceeding, the two prosecutors named as defendants in this matter are entitled "to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)(internal quotations omitted). Plaintiff's allegations clearly encompass such activities. The court thus finds the complaint is subject to being summarily dismissed because plaintiff seeks monetary relief from defendants immune from such relief. 28 U.S.C.

§§ 1915A(b); 1915(e)(2)(iii).

**Notice and Show Cause Order to Plaintiff**

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed for the reasons stated by the court. The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after full satisfaction of plaintiff's outstanding fee obligation.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as seeking monetary relief from persons immune from such relief.

**IT IS SO ORDERED.**

DATED: This 24th day of November 2010 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge